## DEMERRITT *v.* BATCHELDER.

Section 6 of chapter 181 of the Revised Statues provides that "actions upon notes secured by mortgage may be brought so long as the plaintiff is entitled to commence any action upon the mortgage"—*held,* that the provisions of the section apply to mortgages of personal property as well as to those of real estate.

On a suit upon a note secured by a mortgage of personal property under seal, and a plea that the defendant did not promise within six years before the commencement of the suit—*held,* that a replication, setting forth the fact of the security of the note by such a mortgage, was a good answer to the plea.

ASSUMPSIT, upon a promissory note, dated June 6, 1838, for $163,91, signed by the defendant, and payable to the plaintiff, or his order, in two years from date, with interest. The plaintiff, in his specification, set forth the note in full, and also the following indorsements as being upon the same, to wit:

June 17, 1839—Received $46,67. September 18, 1839— Received $8,00. November 13, 1841—Received $20,00.

The action was brought to recover the balance due upon the note.

One of the defendant's pleas was, that he did not promise the plaintiff in manner and form, &c., at any time within six years next before the commencement of the plaintiff's suit.

To this plea the plaintiff replied that he ought not to be barred, &c., because he said that the defendant, on the 29th day of March, 1839, executed and delivered to the plaintiff, in due form of law, a certain mortgage deed, bearing date the day and year last aforesaid, of certain personal property of the defendant therein described, conditioned, among other things, for the payment, according to the tenor and effect thereof, of a certain promissory note, theretofore executed and delivered by the defendant to the plaintiff, dated the sixth day of June, 1838, for the sum of $163,91, payable to the plaintiff in two years from date, with interest, which was the same promise and undertaking in the plaintiff's declaration mentioned, which said mortgage deed was duly recorded in the town clerk's office, in Sanbornton, and was at the time of the commencement of the suit and still is, in full force and virtue, " and which deed, sealed with the seal of said defendant, the said plaintiff now brings here into court, the date whereof is the said 29th day of March, A. D. 1839."

To this replication there was a general demurrer and joinder.

*Flint & Clarke* and *Bell,* for the plaintiff.

The replication is sufficient. The proviso of the statute applies as well to notes secured by mortgages of personal as of real estate. Rev. Stat. ch. 181, § 6.

They are equally ancient and familiar. 4 Kent's Com. 138; 3 Kent's Com. 132.

Mortgages of personal property are equally within the reason of the proviso. The debt is not extinguished by the statute, and it is reasonable that the remedy by action on

the note should, in the case of personal mortgages as well as those of lands, be co-extensive with the remedy upon the mortgage. *Thayer* v. *Mann,* 19 Pick. 535.

*Walker* and *Lyford,* for the defendant.

EASTMAN, J. By section 6 of chapter 181 of the Revised Statutes, it is provided that "actions upon notes secured by mortgage may be brought so long as the plaintiff is entitled to commence any action upon the mortgage." This provision, which is general in its terms, has not undergone any change since the revised statutes went into effect, March 1, 1843. Comp. Stat. ch. 192, § 6.

At the time of the revision, in 1842, the law authorizing and regulating mortgages upon personal property was well established, and the practice under it of frequent and common occurrence. Prior to the revision, also, the statute fixing the time within which actions upon notes secured by mortgage might be brought, was in the shape of a saving clause rather than a general and unrestricted section, as it now stands. Laws, 1830, p. 77.

Mortgages of personal property which are under seal, as was the fact with the one set forth in the replication in this case, are contracts under seal; and actions upon any contract under seal may be brought within twenty years after the cause of action accrues. Rev. Stat. ch. 181, § 5.

If, then, the Legislature intended that the provision that actions upon notes secured by mortgage might be brought so long as the plaintiff should be entitled to commence any action upon the mortgage, should extend to notes secured by mortgages of personal property as well as to those upon real estate, the replication in this case was an answer to the defendant's plea.

And we think that such was the intention, and that such should be the construction put upon the statute. The fact that at the time of the revision of the statutes, in 1842, mort-

gages of personal property were frequently made under the provision of law, and that, in the revision, general terms are used, that actions upon notes secured by mortgage may be brought, &c., instead of a saving clause, as in previous acts, inclines us to this opinion.

It would seem but a fair inference, also, that, with the knowledge which the Legislature must have had of the frequent resort to mortgages of personal property, they would have restricted the provisions of the sixth section to mortgages upon real estate, had they not intended that the provisions should be generally applicable to mortgages upon all descriptions of property. And we see no objection to such a construction.

So long, then, as an action may be brought upon a mortgage of personal property, it may also be brought upon the note secured by the mortgage; and the statute limiting the bringing of actions upon simple contracts to six years, does not apply to a note secured by a mortgage of personal property under seal.

This being the only question raised by the case, as we understand it, our opinion is that the declaration is good and that the demurrer must be overruled.

*Demurrer overruled.*